UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NAZARIO LAZARO NIEBLA-
MANRUFO,

       Petitioner,

  v.                         Case No.:  2:26-cv-01318-SPC-DNF

MARKWAYNE MULLIN *et al.*,

       Respondent,

                                      /

## **OPINION AND ORDER**

Before the Court are petitioner Nazario Lazaro Niebla-Manrufo's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 4), and Niebla-Manrufo's reply (Doc. 5).

Niebla-Manrufo is a native of Cuba who was admitted into the United States as a refugee on in 1966.  Following multiple convictions in the 70s, 80s, and 90s—including larceny, robbery, and carrying a concealed weapon—an immigration judge ordered Niebla-Manrufo removed to Cuba on January 17, 2002.  Immigration and Customs Enforcement ("ICE") released him under an order of supervision on August 2, 2002.  Since then, Niebla-Manrufo has committed no crimes and has fully complied with all conditions of supervision.

On December 3, 2025, Niebla-Manrufo reported to ICE for a routine check-in, and ICE revoked his release and detained him.  He is currently detained at Alligator Alcatraz.  Niebla-Manrufo challenges the legality of his

detention under the Fifth Amendment and *Zadvydas v. Davis*, 533 U.S. 678 (2001).

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. at 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably

foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The respondents argue Niebla-Manrufo's petition is premature because his current detention has not exceeded 180 days. They assume a six-month presumptively reasonable period of detention starts each time a noncitizen is detained. That assumption is inconsistent with *Zadvydas*. It would effectively allow DHS to detain noncitizens indefinitely and avoid judicial scrutiny by releasing and re-detaining them every 180 days. As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the removal period." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Niebla-Manrufo has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. The government has been unable to remove him to Cuba since 2002, and no change in circumstances makes removal to Cuba more likely now. The burden thus shifts to the respondents. ICE claims it intends to attempt removal to Mexico,

but it has taken no steps in that direction since arresting Niebla-Manrufo in December 2025. Nor does ICE claim the Mexican government has agreed to accept him or produce any other evidence showing a potential removal attempt will be successful. The Court finds no significant likelihood Niebla-Manrufo will be removed in the reasonably foreseeable future.

However, assuring the presence of a noncitizen at the moment of removal is not the only statutory justification for immigration detention. "The second justification—protecting the community—does not necessarily diminish in force over time." *Zadvydas*, 533 U.S. at 690. The Supreme Court has "upheld preventative detention based on dangerousness only when limited to specially dangerous individuals and subject to strong procedural protections." *Id*. Given Niebla-Manrufo's criminal history, the Court will give ICE an opportunity to determine whether his detention is necessary to protect the community.

Accordingly, it is hereby

**ORDERED:**

Nazario Lazaro Niebla-Manrufo's Petition for Writ of Habeas Corpus (Doc. 1) remains under advisement.

1. Within 30 days of this Order, ICE shall conduct a custody review to determine whether Niebla-Manrufo poses a danger to the community sufficient to justify continued detention.

2. Within seven days of the custody review, the respondents shall file a supplemental response, addressing the results of the review and any updates on removal efforts.

3. Niebla-Manrufo may file a reply within three days of the supplemental response.

   **DONE AND ORDERED** in Fort Myers, Florida on May 5, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record